JOHN A. McCARTHY & Co., INC., Respondent, v. PHILIP S. HILL et al., as Executors of WILLIAM F. CUNNINGHAM, Deceased, Appellants.

Argued January 21, 1946; decided April 18, 1946.

*Stewart Maurice* and *Charles R. McNamee* for appellants.
I. The twentieth cause of action is insufficient on its face.
(*Gerdes* v. *Reynolds,* 281 N. Y. 180; *Burke* v. *Rector, etc.,* 64 Misc.
380; *Karst* v. *Prang Educational Co.,* 132 App. Div. 197; *Pelkey*
v. *Pelkey,* 236 App. Div. 55; *Robinson* v. *Whittaker, Nos. 1–4,*
205 App. Div. 286.) II. Plaintiff has an adequate remedy at law.
(*Potter* v. *Walker,* 276 N. Y. 15; *Dunlop's Sons, Inc.,* v.
*Spurr,* 285 N. Y. 333; *Kalmanash* v. *Smith,* 291 N. Y. 142;
*Hastings* v. *Byllesby & Co.* [Haystone], 293 N. Y. 404; *Equity
Corp.* v. *Groves,* 294 N. Y. 8; *Luke* v. *Polstein,* 294 N. Y. 896;
*Cwerdinski* v. *Bent,* 256 App. Div. 612, 281 N. Y. 782.)
III. Defendants have been wrongfully deprived of their con-
stitutional right to trial by jury. (*City of Syracuse* v. *Hogan,*
234 N. Y. 457; *United States Fidelity & Guaranty Co.* v. *Goetz,*
285 N. Y. 74; *Baylis* v. *Bullock Electric Mfg. Co.,* 59 App. Div.
576; *City of New York* v. *Wilson & Co., Inc.,* 249 App. Div. 391;
*Goell* v. *United States Life Ins. Co.,* 265 App. Div. 735; *Schenck*
v. *Prudential Ins. Co.,* 167 Misc. 282; *Buzard* v. *Houston,* 119 U.
S. 347.) IV. The trial justice committed reversible error in
permitting plaintiff's sole stockholder to testify to personal
transactions with defendants' testator. (*Andrews* v. *Reiners,*
112 App. Div. 378; *Griggs* v. *Renault Selling Branch, Inc.,* 179
App. Div. 845; *Merchants Nat. Bank* v. *Prescott & Son, Inc.,*
139 Misc. 603; *Clift* v. *Moses,* 112 N. Y. 426; *Boyd* v. *Boyd,* 164
N. Y. 234; *Matter of Kelly,* 238 N. Y. 71.) V. There is no evi-
dence to support the decision and judgment of Special Term.
(*Matter of Case,* 214 N. Y. 199; *Russ* v. *Russ,* 263 N. Y. 625;
*Bank of United States* v. *Manheim,* 264 N. Y. 45; *Grant* v. *Riley,*
15 App. Div. 190; *Barden* v. *New York Central Railroad Co.,*
181 App. Div. 306; *Benson* v. *Associated Art Press, Inc.,* 236
App. Div. 645; *Corbus* v. *Gold Mining Co.,* 187 U. S. 455; *Hamlin*
v. *Stevens,* 177 N. Y. 39; *Rosseau* v. *Rouss,* 180 N. Y. 116; *Tousey*
v. *Hastings,* 194 N. Y. 79; *Burns* v. *McCormick,* 233 N. Y. 230.)

*Samuel Seabury* and *George Trosk* for respondent. I. The
judgment is fully supported by the evidence which shows that
while defendant, a fiduciary, was receiving a regular salary and
bonuses from plaintiff, he took to himself almost $200,000 of
plaintiff's money by checks he drew on its bank account to his
own order without plaintiff's knowledge. The proof shows
affirmatively that the withdrawals were *unauthorized,* and appel-

lants made no effort to dispute it. (*Sage* v. *Culver*, 147 N. Y. 241; *Marvin* v. *Brooks*, 94 N. Y. 71; *Frethey* v. *Durant*, 24 App. Div. 58; *Jersawit* v. *Kaltenbach*, 256 App. Div. 580, 281 N. Y. 773; *Rose* v. *Durant*, 44 App. Div. 381; *Davids* v. *Davids*, 135 App. Div. 206; *Baker* v. *Lever*, 67 N. Y. 304; *Albany City Savings Institution* v. *Burdick*, 87 N. Y. 40; *Insurance Co. of North America* v. *Whitlock No. 2*, 216 App. Div. 78; *A. S. R. Co.* v. *Fancher*, 145 N. Y. 552; *Holmes* v. *Gilman*, 138 N. Y. 369.) II. The complaint alleges (1) not only that defendant was an officer of. plaintiff corporation, but that he was also its attorney-in-fact, entrusted with the power to deal with its funds and property; (2) that he did deal with its funds and property for his own profit and benefit, without the knowledge, consent or approval of the corporation, and (3) that he has never accounted for the corporate property so dealt with by him, or for any other of his acts and transactions as such attorney-in-fact and fiduciary of the corporation. Such a complaint states a cause of action in equity for an accounting. (*German-American Coffee Co.* v. *Diehl*, 86 Misc. 547, 168 App. Div. 913; *Broderick* v. *Marcus*, 146 Misc. 240, 239 App. Div. 816; *Jersawit* v. *Kaltenbach*, 256 App. Div. 580, 281 N. Y. 773; *Rose* v. *Durant*, 44 App. Div. 381; *Frethey* v. *Durant*, 24 App. Div. 58; *Insurance Co. of North America* v. *Whitlock No. 2*, 216 App. Div. 78; *Potomac Insurance Co.* v. *Kelly*, 173 App. Div. 791; *Fur & Wool Trading Co., Ltd.*, v. *Fox, Inc.*, 245 N. Y. 215; *Frier* v. *J. W. Sales Corp.*, 261 App. Div. 388; *Talmudic Literature Publishers, Inc.*, v. *Lewin*, 226 App. Div. 1; *Rhodes* v. *Little Falls Dairy Co.*, 230 App. Div. 571, 256 N. Y. 559.) III. The testimony given by plaintiff's stockholder did not relate to a personal transaction with decedent; it related to an event which did not occur until after defendant's death. Moreover, the evidence was merely cumulative of testimony given by another witness admittedly not disqualified. Furthermore, as a matter of law, the testimony could not have affected the result. (*Denise* v. *Denise*, 110 N. Y. 562; *Wadsworth* v. *Heermans*, 85 N. Y. 639; *Hard* v. *Ashley, et al.*, 117 N. Y. 606; *Rogers* v. *Rogers*, 153 N. Y. 343; *Lerche* v. *Brasher*, 104 N. Y. 157.)

*Per Curiam*: Testimony of the plaintiff's sole stockholder, to the effect that he was ignorant of Cunningham's withdrawals of cash from the plaintiff corporation until after the latter's

death, should have been excluded under Civil Practice Act, section 347 (*Boyd* v. *Boyd*, 164 N. Y. 234, 244; *Clift* v. *Moses*, 112 N. Y. 426). Although the action in form was for an accounting, there was neither allegation nor proof that Cunningham received anything for which he was accountable to the plaintiff except cash withdrawn without authority. Under these circumstances no action for an accounting could be brought (*Dunlop's Sons, Inc.*, v. *Spurr*, 285 N. Y. 333), and the defendants were entitled to trial by a jury, which was demanded and refused.

The order of the Appellate Division, reversing the order of Special Term granting defendants' motion to dismiss the twentieth cause of action in the amended complaint, should. be reversed, and the order granting such motion affirmed.

The judgment entered May 23, 1945, upon the order of affirmance of the Appellate Division dated May 18, 1945, should be reversed, with costs in all courts.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur; MEDALIE, J., deceased.

Ordered accordingly.