■ VINLIS CONSTRUCTION Co., INC., et al., Respondents, v. JOHN J. RORECK, Appellant.— In an action for an accounting, the defendant appeals: (1) from so much of an order of the Supreme Court, Queens County, entered October 2, 1964, as denied his motion to strike the action from the Equity Calendar and for leave to serve a jury demand; and (2) from an order of said court, entered November 24, 1964, which granted plaintiffs' motion to vacate the defendant's notice of the pretrial examination of the plaintiffs. Order of October 2, 1964, insofar as appealed from, reversed, with $10 costs and dis-bursements; and defendant's motion to strike the action from the Equity Calendar, and to serve a demand for a jury trial granted, with $10 costs. Such demand shall be served and filed within 30 days after entry of the order hereon. Upon the filing of the demand the action shall be placed upon the court's Jury Calendar for a trial by jury as to the second and third causes of action which

were added by the supplemental complaint. The first cause of action for an accounting shall proceed to trial concurrently before the same Trial Justice but without a jury. The sequence in which the jury issues and the nonjury issues shall be tried will be determined by the Trial Justice (CPLR 603). Order of November 24, 1964 reversed, with $10 costs and disbursements and plaintiffs' motion to vacate the defendant's notice, dated October 14, 1964, for the pretrial examination of the plaintiffs, denied insofar as such notice relates to the second and third causes of action and granted insofar as the notice relates to the first cause of action. The examination upon the second and third causes of action shall proceed on 10 days' written notice or upon such date as the parties shall mutually fix by written stipulation. The examination shall be completed within 90 days after its commencement. In our opinion, the second and third causes of action in the supplemental complaint seek a judgment for a sum of money only, thus entitling the defendant to a jury trial despite the first cause of action in equity for an accounting (CPLR 4101; *Di Menna* v. *Cooper & Evans Co.,* 220 N. Y. 391, 395; *Wheelock* v. *Lee,* 74 N. Y. 495, 500). Since the note of issue with respect to the original complaint, which pleaded only an action for an accounting — an action cognizable only in equity — was served more than a year prior to service of the supplemental complaint adding the second and third causes of action, and since a new note of issue was not thereafter served by the plaintiff, the defendant could not avail himself of the statutory right to serve a jury demand within 10 days after the service upon him of a note of issue without a jury demand. Under all the circumstances, we therefore find that the defendant did not waive his right to a trial by jury with respect to the second and third causes of action contained in the supplemental complaint; and that it was an improvident exercise of discretion to now deny him a jury trial on those causes of action. Of course, when legal and equitable causes of action are thus united in one complaint, the court may sever the legal causes of action and direct that they be tried separately before a jury, leaving the equitable causes of action to be tried separately by the court (cf. *Micro Precision Corp.* v. *Brochi,* 4 A D 2d 697). But here a severance would be inadvisable and should not be directed. The legal and equitable actions are so intertwined and related that one trial of all the causes of action is both desirable and necessary. The Justice presiding at the jury trial of the legal causes of action (the second and third) should at the same term try and determine without the jury the equitable cause of action (the first, for an accounting). Of course, in the proceedings before the Trial Justice it will be incumbent upon him to regulate and direct the sequence of the trial of the issues as he deems proper under all the circumstances then prevailing (CPLR 603). We are of the further opinion that under the circumstances here the defendant has not waived his right and is entitled to the pretrial examination of the plaintiffs concerning the allegations in the additional second and third causes of action asserted in the supplemental complaint. Such examination, however, should proceed promptly and should be completed without undue delay by the defendant and without obstruction by the plaintiffs. (For decision on prior appeal in this action, see 19 A D 2d 753.) Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.