Mbmobaitoxjm : The order should be reversed and motion to stay arbitration granted, without costs. As to a similar automobile liability insurance policy endorsement we have held (Matter of Rosenbaum [American Sur. Co.], 11 N Y 2d 310) that before being required to go to arbitration on the questions of liability and damage the insurer (MVAIC here) has a right to a preliminary jury trial on the question of whether or not the alleged tort-feasor was or was not insured. From the present record it appears that the alleged tort-feasor had a *1029 liability insurance policy issued by an out-of-State insurer (Crown) not authorized to do business here. There is in this record a bare assertion that this Crown policy was not in effect at the time of the alleged accident or had never taken effect but this consists of nothing more than a letter from a representative of insurer Crown stating that its policy had never gone into effect. Elsewhere in the record it appears or is suggested that the basis for this unilateral declaration of noncoverage is that the insured had falsely represented to the insurer Crown that he was a resident of West Virginia at the time the policy was issued. Such a declaration by an insurer does not ipso facto and without judicial investigation satisfy the requirement of the MVAIC endorsement that for MVAIC coverage the alleged tort-feasor must have been uninsured at the time of the alleged accident. We construe subdivision 2-a of section 167 and subdivision (2) of section 600 of the Insurance Law as giving MVAIC an opportunity to litigate before a court, rather than before an arbitrator, the question of whether the Crown policy failed to take effect or was validly cancelled.
Chief Judge Desmond and Judges Dye, Fold, Van Voobhis, Burke, Scileppi and Bergan concur.
Order reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the memorandum herein.