Memorandum. We agree with the Appellate Division that Boston Old Colony Insurance Company, the alleged tort-feasors’ insurance company, was not justified in disclaiming liability because of non-co-operation of its insureds. There is a threshold question. Although a contrary rule obtains elsewhere and in other arbitrational settings we would be disposed to hold otherwise, we nonetheless conclude that under our decisions in Matter of MVAIC (Malone) (16 NY2d 1027), and Matter of Rosenbaum (American Sur. Co. of N. Y.) (11 NY2d 310), the issue as to whether the alleged tort-feasors were insured does not here fall within the scope of arbitration. The claimant’s own insurance company was therefore entitled *721 to a prior judicial determination as to the validity of Old Colony’s disclaimer before proceeding to arbitration with the claimant under the uninsured motorist provisions of its policy. The burden of proving failure or refusal to co-operate is on the insurer (Insurance Law, § 167, subd. 5) and that burden "is a heavy one indeed” (Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 168).
In this instance timely notice of the accident was properly given by the attorney for the claimant (Insurance Law, § 167 subd. 1, par. [c]). Thereafter the insurer’s adjuster addressed letters to both the owner and the operator of the automobile on four separate occasions over a five-month period, one copy by regular mail and a duplicate by registered mail. The latter, but not the former, were returned undelivered. On two occasions the adjuster visited the addresses known to the insurer, leaving cards. He communicated with the insured’s broker and twice with the Motor Vehicle Department.
Assuming, without deciding, that the reports of the independent investigators engaged by the insurer were admissible, they disclosed that such investigators located the address of both owner and operator and made several trips to that address, leaving messages.
All of these efforts were wholly unavailing and elicited no response from either owner or operator. Efforts on the part of the insurer without more, however, do not establish non-cooperation of its insured. The insurer must demonstrate not only "that it acted diligently in seeking to bring about the insured’s co-operation * * * [and] that the efforts employed by the insurer were reasonably calculated to obtain the insured’s co-operation, * * * [but] that the attitude of the insured, after his co-operation was sought, was one of 'willful and avowed obstruction’” (Thrasher v United States Liab. Ins. Co., supra, p. 168).
We find in this record no evidence of acts or omissions to act on the part of the insured on which could be predicated a finding of non-co-operation. While one may speculate that return of registered, mail in combination with nonreturn of duplicative regular mail suggests the receipt of the latter, there was no proof here sufficient to support a finding that the insured received any postaccident communications either from the insurer or from claimant’s attorney. This record discloses only nonaction on the part of the insureds. In our view this cannot be escalated in this case to non-co-operation; it was *722 short even of the series of nonactions by the insured in the Thrasher case (supra). This is not to say, however, that under no circumstances could nonaction ever evidence lack of cooperation, but the inference of non-co-operation must be practically compelling.
That the risk here was an assigned risk does not relieve the insurer of its burden of proving the requisite failure or refusal to co-operate.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.