OPINION OF THE COURT
Sidney H. Asch, J.
Respondent John Johnson, Jr., moves herein for an order seeking to expand the authority of Referee William Messing to hear and take evidence on whether respondent Eveready Insurance Company properly disclaimed coverage based on lack of notice.
Pursuant to a prior order of this court dated May 23, 1978, this matter was referred to the referee to hear and take *865 evidence on the law and factual issues raised by the recommendations of disallowance and the objections filed thereon. At a hearing before the referee, he ruled that in order for him to hear and take evidence on the issue of whether Eveready Insurance Company’s disclaimer was valid, he would require further direction from the court.
Eveready opposes the application on the grounds that the court has no power to extend the referee’s authority in this matter to make a recommendation as to the validity of Eveready’s disclaimer, and that, in any event Eveready would have the right to a jury trial to determine the validity of its disclaimer.
However, the answer to the objection that the court has no power to extend the referee’s authority to make a recommendation as to the validity of Eveready’s disclaimer is dependent upon the answer to its second objection.
The law is not settled as to the right to a jury trial for the resolution of such issues as the one here posed. It has been suggested that "The elimination of that provision from the CPLR has created serious doubt as to whether a jury trial is any longer a matter of right in this area.” (Civil Practice, 17 Syracuse L Rev 331, 373.)
At the same time, it has been suggested: "Although the CPLR does not make express provision for trial by jury, as did the former CPA, there was no intention thereby to eliminate a trial by jury if it is desirable or constitutionally required.” (22 Carmody-Wait 2d, § 141:74, p 829; emphasis added.)
This latter position is supported by persuasive law.
Thus, the Court of Appeals has stated that where a "dispute appeared as to the preliminary issue of 'insured or uninsured’ a jury trial was the appropriate procedure for settling it.” (Matter of Rosenbaum [American Sur. Co. of N. Y.), 11 NY2d 310, 313; see, also, Matter of Motor Vehicle Acc. Ind. Corp. [Malone], 16 NY2d 1027.)
It does not appear necessary for this court to pass on the issue of whether a jury trial would be constitutionally required since public policy and substantial authority supports the position that such trial would be "appropriate” (see Matter of Rosenbaum [American Sur. Co. of N. Y] supra), or "desirable”.
The Appellate Division in the Fourth Department has held that a jury trial is not a matter of right but in certain cases *866 may be desirable, even if not constitutionally required (Matter of Andolina [MV AIC] 23 AD2d 958). This same department in another matter while reiterating that a jury trial was not constitutionally required, reversed an order denying a request for a jury holding that "[a] jury trial should be had on the issue of the timeliness of giving notice of claim.” (Matter of MV AIC [Stein], 23 AD2d 526, 527.)
In evaluating whether a jury trial would be "appropriate” or "desirable” in this instance, it must be remembered that the obligations arising herein vis-á-vis arbitration of disputes have been created by contract between the parties. The alleged obligation of Eveready flows from the contract of insurance with George E. Belton and is contractual rather than statutory in nature. (See Motor Vehicle Acc. Ind. Corp. v National Grange Mut. Ins. Co., 19 NY2d 115, 118; Matter of De Luca [MV AIC], 17 NY2d 76.)
In essence, the nature of the proceeding herein is one for declaratory relief as to the validity of the disclaimer. "It is settled * * * that a litigant otherwise entitled to a jury trial is not to be deprived thereof by the circumstances that the action is one for declaratory relief.” (7 Carmody-Wait 2d, § 49:34, p 526.) The right to a jury trial in such an action has generally been recognized and upheld in those issues in regard to which either party could have claimed a jury in any action for which the declaratory judgment action may be regarded as a substitute (Ann. 13 ALR 2d 777, 779; Utica Mut. Ins. Co. v Beers Chevrolet Co., 250 App Div 348).
In an analysis of the law under the Federal rules which is comparable to the law in the State of New York, the Court of Appeals for the Eighth Circuit wrote in Johnson v Fidelity & Cas. Co. of N. Y. (238 F2d 322, 324):
"In Declaratory Judgments and Insurance Litigation, 34 111. L. Rev. 245, 258-259 (1939), Borchard stated:
" 'Naturally the [insurance] company should not by a declaratory action, often inaccurately called an action in equity, be allowed to deprive the defendants of a jury trial.’
"In American Lumbermans Mut. Cas. Co. v. Timms & Howard, Inc., 2 Cir., 1939, 108 F.2d 497, 499, the court said:
" 'But it is quite clear that declaratory judgment is not a means of evading trial by jury, and that jury trial may be had as of right in a declaratory action such as this which at *867 bottom concerns the duty of a contract-obligor to pay money on the fulfillment of a condition.’
"In Pacific Indemnity Company v. McDonald, 9 Cir., 1939, 107 F.2d 446, 448, 131 A.L.R. 208, the court said:
" 'It follows from what we have said that we simply have a situation herein where a party who has issued a policy of insurance anticipates a suit thereon by the insured or one subrogated to his rights and to avoid delay brings the matter before the court by petition for declaratory relief. In such a proceeding, although the parties are reversed in their position before the court, that is, the defendant has become the plaintiff, and vice versa, the issues are ones which in the absence of the statute for declaratory relief would be tried at law by court and jury. In such a case we hold that there is an absolute right to a jury trial unless the jury has been waived.’ ”
A jury trial is not appropriate in all situations. However it may be, once the court determines that there is a "substantial question” presented (CPLR 2218). In this case, the resolution of the issue presented will conclude the controversy between the insurers. There will be a decision which goes to the basic legal responsibilities of these insurers and hence a decision as to which one may have to bear the ultimate financial burdens. This is not an incidental issue; it is one which is indeed substantial enough to be submitted to a jury if this is sought by a party.
The fact that these preliminary issues (as pointed out by the State Insurance Department in its letter of August 15, 1978), have been decided in the recent past by a Judge sitting without a jury cannot be construed as denying the respondent Eveready a right to a jury trial where such is "appropriate” and "desirable” and there has been a demand for such trial. Since the court decides that these requirements have been satisfied, it does not reach the issue of whether a jury trial would be constitutionally mandated.
Accordingly, the motion by respondent Johnson to extend the referee’s authority to hear and take evidence on whether respondent Eveready Insurance Company properly disclaimed or can disclaim coverage herein is denied.