■ BONNIE LEASING CO., INC., et al., Respondents, v CITY OF NEW YORK et al., Appellants. — Order, Supreme Court, New York County (Helman, J.), entered October 20, 1980, denying motions for summary judgment, is unanimously affirmed, without costs. The facts are not clear enough on the present record to warrant summary judgment either way. Because of the limited nature of both the defendants' notice of motion and notice of appeal, we do not reach the questions of whether the city is entitled to summary judgment on the merits or whether the defendants should be granted leave to amend their answer. Concur — Kupferman, J. P., Birns, Ross, Lupiano and Silverman, JJ.

■ DOUGLAS A. EDWARDS, INCORPORATED, Appellant, v EDWIN G. LAX, Respondent. — Order, Supreme Court, New York County (Albert Williams, J.), entered April 22, 1981, which granted respondent's motion for a jury trial and granted respondent's request as to the framing of issues to be tried, unanimously modified, on the law, the facts, and in the interests of justice, without costs, to the extent of vacating the second decretal paragraph of the order, which specified the issues to be determined, and the order is otherwise affirmed. Although the action before us is denominated as one seeking a declaratory judgment, the basic nature of the lawsuit is one to recover commissions resulting from a real estate transaction involving the efforts of appellant and respondent. In this posture, the critical factual issues should be resolved by a jury. (Siegel, New York Practice, § 439; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4101.39; cf. *Solnick v Whalen,* 49 NY2d 224.) We are not satisfied that the said issues as framed are presented in neutral and unslanted terminology and hence we vacate those issues as written. We leave to nisi prius, upon due application, the framing of issues appropriate to the contentions and the pleadings of the litigants, which might include, among other questions, whether the appellant hired Lax in connection with this real estate transaction, and if so, what was the division of the commission agreed upon by appellant and respondent. Concur — Kupferman, J. P., Birns, Ross, Lupiano and Silverman, JJ.