■ JACK GORDON, Respondent, v CONTINENTAL CASUALTY COMPANY, Appellant. — In a declaratory judgment action, defendant appeals from an order of the Supreme Court, Nassau County (Spatt, J.), dated December 17, 1981, which denied its motion to strike the case from the calendar of a nonjury part and transfer it to a jury part. Order reversed, on the law, with $50 costs and disbursements, and motion granted. The complaint demands a declaratory judgment "direct[ing]" defendant insurance carrier "to reinstate payments to plaintiff * * * in accordance with its obligations in its insurance contract, in the amount of $200.00 per month for each month that he is totally disabled", and declaring that defendant is "obligated to indemnify plaintiff for any and all retroactive monies due and owing said plaintiff under the policy, at a rate of $200.00 per month with interest thereon, from December 3, 1979, the date defendant stopped all payments on the policy, to the date of the judgment herein." Defendant answered that it had fulfilled its contractual obligations by paying $200 monthly for five years under the illness provision of their contract and that plaintiff was not entitled to a lifetime benefit of $200 monthly for total disability arising from an automobile accident. Further, defendant alleged that plaintiff had an adequate remedy at law and moved to transfer the case from the Nonjury Calendar of Special Term to the calendar of a jury part of Trial Term. Special Term incorrectly denied its motion. As Special Term recognized, "[t]rial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever" (NY Const, art I, § 2), and this guarantee extends to all causes to which the right to jury trial attached at the time of the adoption of the 1894 Constitution (*Matter of Luria,* 63 Misc 2d 675 [Sobel, S.]; 4 Weinstein-Korn-Miller, NY Civ Prac, pars 4101.07, 4101.08). A plaintiff cannot, by artful pleading, deprive a defendant of his constitutionally guaranteed right to a jury trial by limiting his demand for relief to a declaration of his rights instead of seeking whatever coercive relief would be appropriate in enforcing the rights thus established (see *L. C. J. Realty Corp. v Back,* 37 AD2d 840; *Utica Mut. Ins. Co. v Beers Chevrolet Co.,* 250 App Div 348; *Matter of Allcity Ins. Co.,* 96 Misc 2d 864). Nor can he do so by characterizing a legal action as equitable (*Vinlis Constr. Co. v Roreck,* 23 AD2d 895; cf. *Edwards, Inc. v Lax,* 85 AD2d 509), or by making a purely equitable demand for relief upon facts constituting a legal cause (*McCarthy & Co. v Hill,* 295 NY 320; *Barber v Farmers & Traders Life Ins. Co.,* 109 NYS2d 448). The general rule for complaints which state a single cause of action with a demand for equitable and legal relief is that the defendant is entitled to a jury trial if the issues for resolution are legal and that the defendant is not so entitled if the legal relief is sufficiently incidental to equitable relief such that, at common law, the Chancellor had jurisdiction over the entire matter (see *Jamaica Sav. Bank v M. S. Investing Co.,* 274 NY 215; *City of Syracuse v Hogan,* 234 NY 457; *Carroll v Bullock,* 207 NY 567; cf. *Ramirez v Goldberg,* 82 AD2d 850). Only if a plaintiff would have been required to bring an action in a law court and a separate suit in chancery would the defendant have been entitled to a jury trial on the law action (see 4 Weinstein-Korn-Miller, NY Civ Prac, pars 4101.36, 4101.37). Special Term properly noted that this court recently denied defendants a jury trial apparently by expansively defining what constitutes mere *incidental* legal relief in an action that sought not only the main relief of specific performance of sales agreements under which defendants were to pay plaintiff seller $1,350,000 in

installments but also money damages in the amount of $1,350,000 (*Kaufman v Brenner,* 63 AD2d 692, affd on mem at App Div 46 NY2d 787). Nevertheless, we hold that the facts pleaded in the case at bar "permit a judgment for a sum of money only" under CPLR 4101 (subd 1) (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 4101.12; 7 Carmody-Wait 2d, NY Prac, § 49:14, n 8), and therefore we hold that defendant's jury demand must be honored under CPLR 4101 despite plaintiff's inconsistently framing his demand for relief in equity as both declaratory and coercive (specific performance). It is true that an action to recover for the breach of a contract for the payment of money only is analogous to a suit in equity for specific performance (see 1 Clark, New York Law of Damages, § 197; 1 Sedgwick, Damages [9th ed], § 4, citing *Robinson v Bland,* 2 Burr [Eng] 1077, 1086). By nature, however, it is a legal action to recover damages for nonperformance rather than an equitable suit to recover a particular note or chose in action or specific currency (see *Guy v Franklin,* 5 Cal 416). The sum agreed to be paid is the measure of damages; plaintiff's recovery is the same whether the contract be specifically enforced or found breached (Fry, Specific Performance [5th ed], § 16). Accordingly, the law recognizes no consequential damages for nonpayment of the debt other than interest (see *Compton v Heissenbuttel,* 16 NYS 524). Despite the analogy, however, the courts of this State do not grant specific performance of contracts for the payment of money in installments because the remedy at law is deemed adequate, even under the doctrine of anticipatory breach that precludes reduction of defendant's obligations to a lump sum unless plaintiff has yet to fully execute his side of the bargain, and that limits plaintiff to a series of actions on arrears as the installments fall due and are not paid (see *Long Is. R. R. Co. v Northville Inds. Corp.,* 41 NY2d 455; cf. *Kelly v Security Mut. Life Ins. Co.,* 186 NY 16; *Edelman v Wechsler,* 245 App Div 748; *Robbins v Travelers Ins. Co.,* 241 App Div 350; *Bauchle v Bauchle,* 185 App Div 590; *McCann v John Hancock Mut. Life Ins. Co.,* 48 Misc 2d 325, 326-327; *Donlen v Fidelity & Cas. Co.,* 117 Misc 414, 416; 15 Couch on Insurance 2d, § 53:328, with *Langan v Supreme Council Amer. Legion of Honor,* 174 NY 266; *Meyer v Knickerbocker Life Ins. Co.,* 73 NY 516; *McVey v Security Mut. Life Ins. Co.,* 118 App Div 466). In short, on the facts pleaded, plaintiff is not entitled to a lump-sum money judgment, nor to a declaration to that effect, with respect to defendant's future obligations arising under the contract although he may be entitled to a money judgment (or declaration) as to accrued installments. As to future installments, plaintiff is entitled only to a declaration of the parties' rights and obligations under the contract; such rights as plaintiff may have will not merge in the judgment so as to permit enforcement in the absence of separate further judicial proceedings to establish future breaches, if any, of the contract obligations declared in this action (compare *Equitable Life Assur. Soc. of U. S. v Goble,* 254 Ky 614; *Central Life Ins. Co. v Roberts,* 165 Ky 296; *Colburn v Clover Leaf Cas. Co. & Mut. Health & Accident Assn. of Amer.,* 206 Ill App 327; with *Bankers Security Life Ins. Soc. v Goldfarb,* 38 Misc 2d 366, 369-370 [Meyer, J.]). Accordingly, the order denying defendant's motion for a jury trial must be reversed and the motion granted. Gibbons, J. P., O'Connor, Rubin and Boyers, JJ., concur.