JOHN W. COWPER COMPANY, INCORPORATED, on Behalf of Itself and All Others Similarly Situated, Respondent, v BUFFALO HOTEL DEVELOPMENT VENTURE et al., Appellants, et al., Defendants. (And a Third-Party Action.)

Fourth Department, January 27, 1984

**APPEARANCES OF COUNSEL**

*Renaldo, Myers & Regan, P. C. (James I. Myers* of counsel; *Elyse R. Lubin* on the brief), and *Alioto & Alioto (Joseph Alioto* of counsel), for appellants.

*Saperston, Day, Lustig, Gallick, Kirschner & Gaglione, P. C. (Lawrence Schulz, Frank T. Gaglione* and *Mark C. Donadio* of counsel), for respondent.

DENMAN, J.

This action arises from a contract for construction of a 500-room hotel and parking garage in downtown Buffalo. In its first five causes of action plaintiff, the general contractor, seeks money damages for separate breaches of the construction contract. The sixth cause of action seeks recovery under a *quantum meruit* theory for the reasonable value of labor, materials, and services. The seventh cause of action seeks foreclosure on a mechanic's lien on which plaintiff claims priority over other lienors named as defendants in the action (Lien Law, § 44).[1]

In their responsive pleading defendants asserted 10 counterclaims, all of which seek money damages for breach of contract or tortious conduct except for the two which form the fulcrum of this appeal: the third counterclaim alleges that plaintiff unjustly enriched itself by using defendants' steel forms and tools in the construction of another hotel without defendants' consent; the ninth counterclaim asserts that plaintiff willfully exaggerated its mechanic's lien (Lien Law, §§ 39, 39-a).

Prior to filing a note of issue, plaintiff moved for an order pursuant to CPLR 4101 directing that defendants are not entitled to a jury trial. Special Term held (120 Misc 2d 350) that defendants waived their right to a jury trial by asserting counterclaims in a lien foreclosure action (Lien Law, § 45) and by joining an equitable counterclaim for unjust enrichment with their legal counterclaims. Subsequently, plaintiffs served a second amended complaint asserting two additional legal claims in response to which defendants served a third amended answer in which they eliminated their counterclaim for unjust enrichment, substituting therefor a legal counterclaim for conversion. At defendants' request Special Term reconsidered its decision but issued a supplemental decision adhering to its original determination. We disagree with that determination and

---

1. The eighth cause of action purported to state an equitable claim for recovery of interest paid on sums which plaintiff alleged it was forced to borrow due to defendant's failure to make timely progress payments. That cause of action was dismissed by prior order of this court (*Cowper Co. v Buffalo Hotel Dev. Venture*, 91 AD2d 1183, app dsmd 59 NY2d 634).

hold that defendants are entitled to a jury trial on the legal issues raised by the pleadings.

It is hardly necessary to state that the right to trial by jury is zealously protected in our jurisprudence and yields only to the most compelling circumstances. "Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever" (NY Const, art I, § 2). That guarantee extends to all causes of action to which the right attached at the time of adoption of the 1894 Constitution (4 Weinstein-Korn-Miller, NY Civ Prac, pars 4101.07, 4101.08). Historically, however, actions at law were tried by a jury, matters cognizable in equity were tried by the Chancellor. Even though the two systems have merged, vestiges of the law-equity dichotomy remain in the area relating to trial by jury (Siegel, NY Prac, § 4; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4103.07). For example, joinder in a complaint of both legal and equitable causes of action arising from the same transaction constitutes a waiver by plaintiff of his right to a trial by jury. Such waiver, of course, applies only to the plaintiff as defendant retains his right to a jury trial on the legal issues (*Di Menna v Cooper & Evans Co.,* 220 NY 391; CPLR 4102, subd [c]).

Plaintiff claims, however, that this action is essentially one to foreclose a lien and that defendants, by asserting their legal counterclaims and a Lien Law counterclaim (Lien Law, §§ 39, 39-a), have effectively waived their right to a jury trial (Lien Law, § 45). Section 45 of the Lien Law provides as follows: "The court may adjust and determine the equities of all the parties to the action and the order of priority of different liens, and determine all issues raised by any defense or counterclaim in the action. But in no case shall the court determine any issue between the state and the contractor where a claim has been or can be submitted to the court of claims for adjudication and in case a counterclaim is set forth by any defendant in his answer, such defendant shall be deemed to have waived a trial by jury of the issues raised thereby."

Because the statute empowers the court to determine all issues involved in a lien foreclosure action, Special Term determined that defendants are not entitled to a jury trial

on any of the issues involved. We believe that gives too narrow an interpretation to the statute and that the pleadings before us compel a contrary result. The cases cited by Special Term in support of its position are connected by a common thread: all involve only an action to foreclose a mechanic's lien and there is no indication that plaintiffs joined any legal claims. The instant action cannot be so characterized.

The pleadings present eight causes of action seeking money damages for breach of contract and nine counterclaims for money damages resulting from breach of contract or from tortious conduct. To hold that defendants' right to trial by jury on those legal issues is forfeited would elevate form over substance. A plaintiff, simply by joining a single cause of action for lien foreclosure (which incidentally also seeks a money judgment), could effectively deprive defendants of their constitutional right to a jury trial on the contract claim. "A plaintiff cannot, by artful pleading, deprive a defendant of his constitutionally guaranteed right to a jury trial * * * by characterizing a legal action as equitable" (*Gordon v Continental Cas. Co.,* 91 AD2d 987). Despite inclusion of the lien foreclosure claim, the lawsuit is essentially one to recover money damages for breach of contract and the "critical factual issues should be resolved by a jury (Siegel, NY Practice, § 439; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4101.39; cf. *Solnick v Whalen,* 49 NY2d 224)" (*Douglas A. Edwards, Inc. v Lax,* 85 AD2d 509).

Although this principle has not been frequently invoked in New York, it is well established under the Federal Rules.[2] In *Dairy Queen v Wood* (369 US 469) plaintiff sought injunctive relief and an accounting together with damages for breach of contract. The answer set forth defenses of oral modification, laches and estoppel, and violation of the antitrust laws. Plaintiff sought to preclude defendant from a jury trial, arguing that the action was purely equitable because the complaint was cast in terms of an "accounting" rather than in terms of an action for "debt" or "damages". Commenting that "the constitutional

---

2. The joinder of legal and equitable claims in a single action is permissible under both subdivision (a) of rule 18 of the Federal Rules of Civil Procedure (in US Code, tit 28, Appendix) and under CPLR 103.

right to trial by jury cannot be made to depend upon the choice of words used in the pleadings" (*Dairy Queen v Wood,* 369 US 469, 477-478, *supra*), the court found that, despite the inclusion of equitable claims and defenses, the dispute was essentially over interpretation of a contract and an attempt by each party to collect money damages. Consequently, the court ruled that defendant was entitled to a jury trial on the legal issues involved (see, also, *Beacon Theatres v Westover,* 359 US 500; 5 Moore, Federal Practice [2d ed], pars 38.16, 38.17).

Evaluating the instant pleadings in the same manner, we believe that it is clear that the gravamen of plaintiff's action and of defendants' counterclaims is for breach of the construction contract. That being so, defendants are entitled to a jury trial on the legal issues. Inasmuch as "[t]he legal and equitable actions are so intertwined and related that one trial of all the causes of action is both desirable and necessary" (*Vinlis Constr. Co. v Roreck,* 23 AD2d 895, 896), the Trial Justice can direct the method by which the issues are tried and may minimize the danger of conflicting verdicts by permitting the jury to hear testimony on both the legal issues and the Lien Law claims, treating the jury's determination on the latter as advisory (*Vinlis Constr. Co. v Roreck, supra;* Siegel, 1965 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4101, pp 67-68, 1964-1983 Supp Pamph; CPLR 4212). To hold otherwise would require defendants to assert their counterclaims to the breach of contract action in a separate action. That is undesirable both from the standpoint of defendants, who could find their legal claims barred under a theory of collateral estoppel (see Siegel, NY Prac, § 224) and from the standpoint of judicial economy.

Plaintiff's further argument that defendants' counterclaim for unjust enrichment constitutes a waiver of a jury trial is without merit. When defendants interposed their third amended answer in response to plaintiff's second amended complaint, they recast that counterclaim and asserted one for conversion, clearly a legal and not an equitable claim. Defendants should not be bound or penalized by the allegations in their prior answer inasmuch as

no note of issue has as yet been filed and the amended answer was necessary in response to plaintiff's amended complaint (CPLR 3025, subd [d]).

We conclude therefore that section 45 of the Lien Law precludes a jury trial only with respect to plaintiff's cause of action for foreclosure of its lien and defendants' counterclaim for exaggeration of the lien and that defendants are entitled to a jury trial with respect to the remaining issues.

Accordingly, the order should be reversed and plaintiff's motion denied.

HANCOCK, JR., J. P., CALLAHAN, BOOMER and MOULE, JJ., concur.

Order unanimously reversed, with costs, and motion denied.