JERRY KINDMAN & Co., P. C., Plaintiff, v IRA STOLLAR, Defendant.

Supreme Court, New York County, February 7, 1989

## APPEARANCES OF COUNSEL

*Lilly Sullivan Purcell Barkan & Junge, P. C.,* for defendant.
*Jacques L. Debrot & Assoc., P. C.,* for plaintiff.

### OPINION OF THE COURT

DAVID B. SAXE, J.

This motion raises the question of whether a defendant is entitled to demand a jury, where three causes of action seek injunctive relief only, and a fourth, related cause of action, seeks money damages.

CPLR 4101 (1) provides for a right to a jury trial where the facts would "permit a judgment for a sum of money only". The plaintiff relies on this provision, arguing that a "judg-

ment for a sum of money only" is not sought and would not be appropriate in this action.

Under established principles, the joinder of claims for legal and equitable relief results in a waiver by the plaintiff of the right to demand a jury trial *(Kaplan v Long Is. Univ.,* 116 AD2d 508, 509 [1st Dept 1986]). However, such a waiver applies only to the plaintiff, and the defendant retains the right to a jury on any legal claims *(see, Di Menna v Cooper & Evans Co.,* 220 NY 391; *Cowper Co. v Buffalo Hotel Dev. Venture,* 99 AD2d 19, 21).

Where a cause of action demands both equitable and legal relief, the defendant is entitled to a jury trial if the issues for resolution are legal ones, but the defendant is not entitled to a jury if the legal relief is sufficiently incidental to the equitable relief sought such that, at common law, the chancellor had jurisdiction over the entire matter *(see, Gordon v Continental Cas. Co.,* 91 AD2d 987 [2d Dept 1983]).

Here, the basis of the first three causes of action of the complaint is the alleged violation of a contract provision prohibiting the defendant from soliciting or providing professional services, for three years following his termination, to any client served by the plaintiff during the defendant's tenure there or during the year prior to his employment. If the restrictive covenant is upheld and is held to have been violated, an injunction may issue to assure that future violations do not occur; indeed, injunctive relief is the only relief sought on the first three causes of action. Consequently, any actual damages awarded to remedy the past violation would be incidental to the injunction.

On the other hand, the fourth cause of action is an unfair competition claim, alleging that while he was still an employee the defendant conspired with coemployees to take the plaintiff's "clients, their goodwill, their loyalty and their business;" it demands actual money damages. Its claim is clearly for legal relief, and the defendant is entitled to a jury trial on those allegations.

Inasmuch as the facts underlying the legal and equitable claims are intertwined and related, one trial of all the causes of action is appropriate *(see, Cowper Co. v Buffalo Hotel Dev. Venture,* 99 AD2d 19, 23, *supra; Vinlis Constr. Co. v Roreck,* 23 AD2d 895, 896); but the jury will then be asked to find only on matters relevant to determination of the legal claim.

Accordingly, the motion is denied.