U.S. Bank N.A. v Fitzsimmons (2024 NY Slip Op 50240(U))

[*1]

U.S. Bank N.A. v Fitzsimmons

2024 NY Slip Op 50240(U)

Decided on March 8, 2024

District Court Of Suffolk County, Sixth District

Matthews, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 8, 2024
District Court of Suffolk County, Sixth District

U.S. Bank National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF Acquisition Trust and HAS Property LLC, Petitioner(s),

against
Carol Ann Fitzsimmons, et al, Respondent(s).

Index No. LT-3205-22/BR

Attorneys for Petitioner
Friedman Vartolo LLP
1325 Franklin Ave., Ste. 230
Garden City, New York 11530
Attorney for Respondents 
The Yitzhak Law Group
1 Linden Place, Ste. 406
Great Neck, New York 11021

James F. Matthews, J.

Read upon the following papers numbered 1 to 2 on this motion by respondent to dismiss the petition
Notice of Motion/Order to Show Cause and Supporting Papers 1
Notice of Cross Motion and Supporting Papers 2
Answering Affidavits and supporting papers
Replying Affidavits and supporting papers and after due deliberation it is hereby
ORDERED, that respondent's motion to dismiss the petition for lack of subject matter jurisdiction is DENIED. Respondent's demand for a jury trial is granted subject to the court's jurisdiction over equitable relief. Petitioner's cross-motion for summary judgment is DENIED without prejudice to renewal upon proper papers.
This is a post-foreclosure summary proceeding pursuant to RPAPL §713(5). Included in [*2]the petition is an allegation that no respondent is a bona fide tenant as defined in RPAPL §1305.The petition requests use and occupancy, however, petitioner withdrew this request on the record. As a result, the only relief requested is for a judgment of possession and a warrant of eviction, which are forms of equitable relief. 
Respondent alleges that the court lacks subject matter jurisdiction because respondent was served with a copy of the certification of a copy of the referee's deed and the subsequent deed to the current owner, instead of original certifications of copies of both deeds. The court finds that service of copies of the certifications of the deeds in issue satisfies statutory requirements. This was the explicit ruling in Plotch v. Dellis, 60 Misc 3d 1, 5 (App.Term 2018). See also U.S.Bank National Association v. Thi Van Tran, 65 Misc 3d 965, 966-968 (Dist.Ct. Nassau Co. 2019 (Fairgrieve, J.). For these reasons the court finds no merit to the basis for respondent's motion to dismiss. However, those cases also held that the original certification of the deed(s) relied upon by petitioner must be submitted to the Court, either by filing same or submitting same at the trial. Here, the original certifications of the deeds in issue have not been filed with the court and therefore on this basis petitioner's cross-motion for summary judgment is denied without prejudice to renewal on proper papers. Original certifications of the deeds relied upon by petitioner must be submitted as part of petitioner's prima facie case either in support of a motion or at the trial.
Respondent asserts her right to a jury trial notwithstanding the court's prior oral ruling that since only equitable relief was requested by petitioner, there were no issues to submit to a jury. Respondent again asserts her request for a jury trial, inferentially claiming that there are legal issues that she has the right to have a jury decide. CPLR §4101 identifies categories of claims that are subject to the right to a jury trial, which include a specific reference to Article 15 of the Real Property Actions and Proceedings Law. Omitted is any mention of Article 7 of said law, the section under which petitioner is proceeding. Only CPLR §4101(3) is applicable to the case at bar. That section affirms the right to a jury trial based upon a constitutional right or an "express provision of law." Uniform District Court Act §1303(a) explicitly states that a party may request a jury trial in a summary proceeding to recover possession of real property. The court notes that respondent did comply with the procedure for requesting a jury and paid the required fee. The Uniform District Court Act does not specify which issues are triable by a jury. Equitable relief is generally not triable by a jury. See, e.g., Perfetto v. Scime, 182 AD2d 1126 (4th Dep't 1992)(specific performance of purchase option in lease not a matter for jury determination). In Gordon v. Continental Casualty Company, 91 AD2d 987, 987-988 (2nd Dep't 1983), the court affirmed the appellant's right to a jury trial on actions at law, where the request for legal relief was not merely incidental to requested equitable relief. "The general rule for complaints which state a single cause of action with a demand for equitable and legal relief is that the defendant is entitled to a jury trial if the issues for resolution are legal and that the defendant is not so entitled if the legal relief is sufficiently incidental to equitable relief . . ." 91 AD2d at 987. In the latter case, the court retains jurisdiction over both the equitable and legal relief.
At this juncture, the court perceives that the only issue pending is petitioner's request for equitable relief, to wit, a judgment of possession and a warrant of eviction. The court will grant respondent the opportunity to identify specific issues, i.e., defenses or counterclaims, that are alleged to be subject to a jury trial, either in a written answer or in an oral answer put on the [*3]record. In short, the court needs to determine if there are legal claims that are triable by a jury, and whether or not such claims are incidental to the equitable relief requested by petitioner. The court sets this matter down for a conference on April 3, 2024 at 9:30 a.m. by which time respondent should be prepared to file her written or oral answer. Counsel are encouraged to confer to determine whether there is agreement on any issues for trial, jury or non-jury.
Dated: March 8, 2024
Patchogue, New York
HON. JAMES F. MATTHEWS