BENEDETTO MARCIANO, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Westchester County, February 24, 1943.

*Herbert F. Garrick* for defendant.

*Sol Rubin* for plaintiff.

PATTERSON, J. It is apparently the well-settled law of this State that where an insurance company refuses to make disability payments under a life insurance contract, no action at law to recover damages *in futuro* on the theory of anticipatory breach will lie. (*Robins* v. *Travelers Ins. Co.*, 242 App. Div. 816; *Kelly* v. *Security Mutual Life Ins. Co.*, 186 N. Y. 16; *Killian* v. *Metropolitan Life Ins. Co.*, 251 N. Y. 44.)

In my opinion, the decision of the Court of Appeals in *Goldstein* v. *Connecticut General Life Ins. Co.* (273 N. Y. 578) does not alter this rule. In that case, the action was one in equity for specific performance. No claim for present recovery of future benefits was therein presented.

The complaint herein is therefore insufficient insofar as it attempts to set forth a cause of action for damages on the theory of anticipatory breach.

Furthermore, I do not see that the complaint herein can be upheld on any other theory such as was the complaint in *Robins* v. *Travelers Ins. Co.* (*supra*). In that case, the court held that the complaint at least spelled out a cause of action for the defaulted payments to the date suit was instituted. In the instant case, however, there is no allegation with respect to amounts accruing to date. It is not proper for the court to attempt to spell out a different cause of action from the one obviously intended to be alleged. The theory of the instant complaint seems exclusively predicated upon the supposition that damages *in futuro* will lie for anticipatory breach of the contracts involved.

The motion to dismiss the complaint is therefore granted, with leave, however, to the plaintiff to serve an amended complaint for any other relief to which he may believe he is entitled.