## LAURO v. METROPOLITAN LIFE INS. CO.

### Civil Action No. 9741.

United States District Court
D. New Jersey.

Oct. 29, 1948.

Frank B. Bozza, of Newark, N. J., for plaintiff.

McCarter, English & Studer, by Verling C. Enteman, all of Newark, N. J., for defendant.

FAKE, District Judge.

The issues now before the court arise on a motion to strike the complaint on the ground that it fails to state a claim upon which relief can be granted.

The complaint is founded upon a policy of insurance issued to the plaintiff. It contains the following clause:

"The Metropolitan Life Insurance Company in consideration of an additional premium of Sixteen dollars * * * DOTH HEREBY AGREE, that if while the above numbered policy is in full force and effect, and before default in the payment of any premium, the company receives due proof that the Insured, as the result of injury or disease occurring and originating after the issuance of the Policy, has become totally and permanently disabled so as to be unable at any time to perform any work or engage in any business for compensation or profit, the Company will allow the following benefits: * * *."

(As far as pertinent to the instant case)
"(a) * * * the Company * * * following receipt of such proof will waive payment of each premium becoming due during such disability, and, in addition, commencing six months from the receipt of such proof, will pay each month, during the continuance of such disability, to the insured, * * * a monthly annuity of $10.00 for each $1,000.00 of original insurance under the policy."

It appears on the face of the complaint that the insurance company was at one time satisfied as to plaintiff's total disability, and made monthly payments to plaintiff for upwards of four years as required by the terms of the policy.

On June 25, 1946, the insurance company notified plaintiff, in writing, as follows:

"Dear Mr. Lauro:

"Under the terms of the disability provision of your policy the company is permitted to continue benefits only so long as you continue to be totally and permanently disabled so as to be completely unable to perform any and all kinds of work or to engage in business. Upon the termination of such a state of disability, benefits cease and premiums become payable thereafter as they fall due.

"Medical and other proof recently received at this office shows that you are not totally disabled. In fact, it appears that you have not been completely incapacitated as required by the disability coverage for a considerable period in the past during which time you have accepted payments to which you have not been entitled.

"In the circumstance, we have no alternative but to remove the insurance from the Disability Account and restore the policy to a premium paying basis. The due date of the next premium payable is February 7, 1947.

"Yours truly

"/s/ F. G. Dress * * *"

Plaintiff asserts that the foregoing notice, coupled with the conduct of the defendant, constitutes a breach of the entire contract of insurance, and amounted to an anticipatory breach. Upon this premise he sues for $19,800 damages, basing the amount on the mortality tables.

■ Defendant's counsel argues that the foregoing notice does not constitute a breach of the entire contract: That on the contrary it gives notice pursuant to the provisions of the policy; that it attacks only its liability to continue the total disability payments and continues the policy in full force and effect upon a premium paying basis. I agree with counsel's argument, on this point, in view of the law as laid down in the following cases: New York Life Insurance Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971; Mobley v. New York Life Insurance Co., 295 U.S. 632, 55 S.Ct. 876, 79 L.Ed. 1621, 99 A.L.R. 1166; Marciano v. Metropolitan Life Insurance Co., 179 Misc. 758, 41 N.Y.S.2d 773; O'Neill v. Supreme Counsel, American Legion of Honor, 70 N.J.L. 410, 57 A. 463, 1 Ann.Cas. 422.

There is yet to consider whether there is any allegation in the complaint, bearing upon defendant's conduct, which can be construed as in the nature of an anticipatory breach. The language of the complaint insofar as pertinent is as follows:

"The defendant's wilful and material breaches repeatedly committed in bad faith, as alleged, over a period of 15 years constitute an intentional abandonment, repudiation and revocation of the disability clause of the contract of insurance, anticipatorily breached, which entitles the plaintiff to consider the contract aforesaid at an end and to recover the loss of the disability benefits which accrued and are to accrue in the future, anticipating his disability to continue for his entire expectation of life, which according to the American Experience Mortality Tables will be for the next 16.05 years, thereby avoiding a multiplicity of vexatious suits."

■ The foregoing states no pertinent facts and is wholly argumentative. Further the complaint alleges that proof of disability was submitted to the insurance company, and commencing December 1, 1941 disability payments were made until June 1, 1946, except for an ad interim default of five months, ending with a $500. lump sum payment on May 17, 1943. Also, that at the request of the defendant, the plaintiff was obliged to submit to medical examinations by physicians designated by the insurance company on April 5, 1945, and again by two company physicians, in Newark, during April, 1946. These examinations were made while the insurance company was making disability payments. The policy provides for such examinations "not oftener than once a year." It therefore appears that the company was functioning within the terms of its policy in conducting the examinations, they cannot, therefore, be construed as in breach of the policy.

■ The total amount involved, for failure to make monthly disability payments, falls below the jurisdiction of this Court.

The motion to dismiss the complaint is granted.