Jacob Mahkowitz, J.
This is a motion to dismiss plaintiff’s second canse of action under rule 106 of the Rules of Civil Practice.
*755 It appears from the complaint that plaintiff purchased a health and accident insurance policy from the defendant and had been receiving benefits thereunder due to disability. It is also alleged that defendant has informed plaintiff that it refuses to pay any further sums of money under" said policy. Plaintiff, therefore, has asserted a separate claim for damages as to the present value of the contract computed in accordance with the allegation concerning plaintiff’s life expectancy.
In objecting to this cause of action, defendant asserts that it is based upon the doctrine of anticipatory breach, and contends it is inapplicable in this State to breaches of agreement to pay money in installments.
It has been repeatedly held that where an insurance company refuses to make disability payments under a life insurance contract, no action at law to recover damages in futuro will lie (Kelly v. Security Mut. Life Ins. Co., 186 N. Y. 16; Marciano v. Metropolitan Life Ins. Co., 179 Misc. 758; see, also, Robbins v. Travelers Ins. Co., 242 App. Div. 816, where the court, by implication, holds to the same effect by reducing the warrant of attachment in that case by the amount claimed for an anticipatory breach).
"Whether the recent extension of rights and remedies enunciated by our higher courts requires revaluation of these decisions need not be considered by this court for the purposes of this motion. It is nevertheless noteworthy that these above-cited cases involve policies of life insurance with disability provisions and not health and accident policies.
The rationale of these decisions seems to be based on the fact that the repudiations therein were not of the contract in main (the life insurance itself) but only of certain provisions provided thereunder (disability benefits) —thus there was no anticipatory breach of the entire contract (Killian v. Metropolitan Life Ins. Co., 251 N. Y. 44).
Such does not appear to be the case in health and accident policies. Through the various media of advertising as television, radio, magazines, newspapers, etc., such insurance plans have been offered to the public in recent years, particularly by nonresident companies, in increasing frequency, offering attractive benefits by way of periodic payments and waiver of premiums in case of accident or illness. These benefits are the essence of the contract itself and when they are repudiated by the insurer, there is nothing left to the contract. That is not to say that the insurer in such policies may not contest the right to payments if it believes the disability does not exist, but if it calls off the whole arrangement, cancels the policy and refuses future *756 premiums, plaintiff with legitimate claims should not be forced to resort to repeated lawsuits. In the instant action, it is generally alleged that defendant has informed plaintiff of its refusal to pay any further sums under the subject policy or otherwise to perform any obligations thereunder. Such allegations must be deemed true for the purposes of this motion. There has been, accordingly, sufficient allegation as to repudiation to sustain this cause of action (cf. New York Life Ins. Co. v. Viglas, 297 U. S. 672).
■ Motion is therefore denied.