## (November 19, 1979)

■ LOUISE APOSTOLOU, Formerly Known as LOUISE TRIMIS, Respondent, v MUTUAL OF OMAHA INSURANCE COMPANY, Appellant.—In an action to recover disability insurance benefits, defendant appeals from an order of the Supreme Court, Queens County, dated October 30, 1978, which denied its motion to dismiss plaintiff's second cause of action. Order reversed, on the law, with $50 costs and disbursements, and motion to dismiss plaintiff's second cause of action granted. Plaintiff's second cause of action, which seeks to recover disability *in futuro* for the life expectancy of the plaintiff, is based upon the theory of anticipatory breach. Generally, the doctrine of anticipatory breach has no application to contracts for the periodic payment of money *(Franklin Soc. Fed. Sav. & Loan Assn. v Far-Pap Corp.*, 57 AD2d 607; cf. *Long Is. R. R. Co. v Northville Inds. Corp.*, 41 NY2d 455), and recovery is limited to payments due as of the commencement of the action *(Sinkwich v Drew & Co.*, 9 AD2d 42, 46). Even assuming that an action based upon an anticipatory breach of an accident and health insurance policy could be maintained in New York, a requisite element of such action would be a complete repudiation of the contract by the insurer *(Bell v Mutual Benefit Health & Acc. Assn. of Omaha*, 19 Misc 2d 754, 755-756). No allegation of such repudiation has been made by plaintiff in her complaint. A repudiation sufficient to support an action by the insured for an anticipatory breach cannot be inferred solely from the failure of the insurer to pay installment benefits claimed by the insured to be owed her when, during the period of such failure to pay, the insurer has continued to accept the insured's payment of premiums under the policy *(McCann v John Hancock Mut. Life Ins. Co.*, 48 Misc 2d 325, 328). Accordingly, there is no basis to sustain the validity of plaintiff's cause of action based upon an anticipatory breach. Mollen, P. J., Lazer, Cohalan and Gibbons, JJ., concur.

■ THERESA BARRY, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated March 16, 1979, which affirmed a determination of the State Division of Human Rights, dated July 20, 1978, which dismissed a sex discrimination complaint based on a finding of no probable cause. Order confirmed and proceeding dismissed, without costs or disbursements. The determination was supported by substantial evidence in the record. Titone, J. P., O'Connor, Gulotta and Margett, JJ., concur.