■ THOMAS J. BYRNE, Respondent, v FORDHAM UNIVERSITY et al., Appellants, et al., Defendant.—Appeal from order of the Supreme Court, Bronx County (Irwin Silbowitz, J.,), entered on January 29, 1985, is dismissed as superseded by the appeal from the order of July 3, 1985.

Order of the Supreme Court, Bronx County (Irwin Silbowitz, J.), entered on July 3, 1985, which denied defendants' motion for leave to serve an amended answer, to dismiss the first cause of action on the ground that it is barred by the Statute of Frauds, to reargue their prior motion to dismiss and for summary judgment dismissing the third cause of action alleging libel, is modified, on the law, the facts and in the exercise of discretion, to the extent of granting defendants' motion for leave to assert the Statute of Frauds, and otherwise affirmed, without costs or disbursements.

Leave to amend the pleadings "shall be freely given" absent prejudice or surprise resulting from the delay involved. (CPLR 3025 [b]; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755.) This statutory direction has been held to enable a party to interpose affirmative defenses. *(See, McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., supra; Fahey v County of Ontario,* 44 NY2d 934; *Pegno Constr. Corp. v City of New York,* 95 AD2d 655.) In the present matter, plaintiff has made no claim of being prejudiced or surprised because of defendants' assertion of an affirmative defense at this time. Indeed, plaintiff has permitted his lawsuit to remain dormant for years, with no discovery or trial preparation having been commenced. Defendants have, moreover, made a sufficient demonstration of merit in connection with their contention that the first cause of action is barred by the Statute of Frauds. (General Obligations Law § 5-701.) In that regard, the employment contract herein was entered into in April of 1979 and related to the academic year beginning in September of 1979 and ending in June of 1980. Thus, Special Term should have granted defendants' motion for leave to amend.

However, defendants' motion for summary judgment dismissing the third cause of action was properly denied. CPLR 203 (b) (5) states that a claim asserted in the complaint is

interposed when the summons is filed with the clerk of the appropriate New York City county, provided that the defendant is then served within 60 days after the period of limitation would ordinarily have expired. According to CPLR 305 (b), if the complaint is not served with the summons, the summons "shall contain or have attached thereto a notice stating the nature of the action and the relief sought, and, except in an action for medical malpractice, the sum of money for which judgment may be taken in case of default." The failure by a person bringing suit to comply with the notice requirements contained in CPLR 305 (b) has consistently been held to constitute "a jurisdictional defect which renders the summons insufficient not only for the purposes of taking a default judgment, but also to obtain jurisdiction over the defendant and commence the action" *(Frerk v Mercy Hosp.,* 99 AD2d 504, 504-505; *see also, Parker v Mack,* 61 NY2d 114; *Ciaschi v Town of Enfield,* 86 AD2d 903; *Bal v Court Employment Project,* 73 AD2d 69). Thus, "[n]o action is commenced by the service of a summons alone which neither contains nor has attached to it a notice of the nature of the action and of the relief sought" *(Parker v Mack, supra,* at p 115).

Yet, the situation is different where the defendant accepts the complaint, appears in the case and interposes an answer since there "is no longer any question of a default judgment or lack of notice." *(Bal v Court Employment Project, supra,* at p 71.) Moreover, defendants herein not only made an appearance in connection with the instant case, answered the complaint and interposed affirmative defenses, but never moved to dismiss on the basis of lack of personal jurisdiction. In fact, defendants have at no time claimed lack of personal jurisdiction. That defense has, consequently, been waived. (CPLR 3018 [b]; 3211 [e].)

Although defendants urge that the third cause of action for libel is barred by the Statute of Limitations, their position is based upon the reasoning that section 203 (b) (5) mandates that a claim be inserted in a complaint, and therefore, the claim herein was not made within the meaning of that statute. This argument, however, involves a misconstruction of section 203 (b) (5). The complaint need not be filed contemporaneously with the summons so long as the notice requirements of section 305 (b) have been met. While it is true that plaintiff was not in compliance with the notice requirements, defendants, in order to avail themselves of the Statute of Limitations defense, had to assert lack of personal jurisdiction. This is so because if defendants have waived their right

to object to the lack of personal jurisdiction, and the summons was filed within the applicable statutory period, the action must be deemed to have been timely commenced. Concur—Sandler, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.