■ ROBERT J. ROMAR, Appellant, v GERALD ALLI, Individually and as Agent for Guardian Life Insurance Company of America, et al., Respondents.—Order, Supreme Court, New York County (R. Wallach, J.), entered July 1, 1985, which granted defendants' motion to dismiss the second and third causes of action of the amended complaint pursuant to CPLR 3211 (a) (7) and the demands for punitive damages contained in the sixth and seventh causes of action, and otherwise denied the motion, affirmed, without costs.

Plaintiff appeals only from the dismissal of the second and third causes of action.

The amended complaint alleges that in May 1983 defendant Alli, both individually and as an agent of codefendant the Guardian Life Insurance Company of America, solicited plaintiff to purchase a disability policy of insurance, which was

issued in July 1983. Plaintiff alleges he became totally disabled within the meaning of the policy approximately one year later but that defendant insurance company wrongfully denied plaintiff's claim and repudiated the contract.

The first cause of action is to recover for payments due from the date of the claim to the date of the institution of the action. The second cause of action seeks a judgment ordering defendant to pay plaintiff $1,000 per month during plaintiff's disability until the age of 65. The third cause of action seeks to recover the present value of the policy.

The second and third causes of action are premised upon the theory that defendant has repudiated the contract of insurance by failure and refusal to pay, and is therefore liable by reason of anticipatory breach to pay the current value of the policy.

Special Term dismissed the second and third causes of action of the amended complaint under CPLR 3211 (a) (7) for failure to state a cause of action because they sought disability payments due in the future. Special Term concluded that recovery was sought upon the theory of anticipatory breach and ruled that New York does not apply the doctrine of anticipatory breach to contracts for the periodic payment of money, citing *Gordon v Continental Cas. Co.* (91 AD2d 987), *Apostolou v Mutual of Omaha Ins. Co.* (72 AD2d 781), and *McCann v John Hancock Mut. Life Ins. Co.* (48 Misc 2d 325).

Although there is authority to the contrary in special circumstances, these cases represent the New York rule that in an action on a disability policy, the insured is not entitled to a lump-sum money judgment for future payments, nor to a declaration to that effect with respect to the insurer's future obligations. *(Cf. Bell v Mutual Benefit Health & Acc. Assn.,* 19 Misc 2d 754, where the insured arbitrarily stopped payments and thus repudiated the policy.)

Absent special circumstances, it is plain, as Special Term held, that New York does not apply the doctrine of anticipatory breach where there is an alleged repudiation of an executory contract for the payment of money only. On the facts of our case, there is no basis for a cause of action premised upon anticipatory breach.

Although there is nothing in the amended complaint raising this issue, defendants' moving papers on this CPLR 3211 (a) (7) motion show that the defense of the insurer is that it was induced to issue the policy on the basis of fraudulent representations as to the nature of plaintiff's employment and duties.

The record contains an answer and correspondence making it plain that this is the issue. That issue can be finally resolved under the first cause of action, which is to recover for the disability from the date the claim was made until the date of judgment. If the defense of fraudulent inducement fails, plaintiff will be entitled to recover the amounts due under the first cause of action and the basis for repudiation of the contract by the carrier will be eliminated. Defendants so concede. Hence, the second and third causes of action were properly dismissed.

The dissent suggests that the second cause of action should be dismissed with leave to replead to provide a claim for disability payments of $1,000 per month " 'for so long as plaintiff remains totally disabled' ". The dissent concedes, however, that in its present form the second cause of action is defective because it directs payment "until Plaintiff reaches the age of 65", without recognition of the fact that in the interim the disability might terminate.

The cause of action as pleaded is insufficient. Although leave to amend should be "freely given" (CPLR 3025 [b]), it was not requested here. Moreover, it is plainly unnecessary because the issue as to repudiation will be resolved upon a trial of the first cause of action. If successful on the first cause of action, plaintiff will be entitled to periodic payments unless his disability terminates. Defendant's brief so concedes. Accordingly, there should be an affirmance. Concur—Sullivan, Carro, Asch and Fein, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: The plaintiff purchased a disability policy of insurance and claims to have become totally disabled, within the meaning of the policy, approximately one year later, and alleges that the insurer wrongfully denied his claim and repudiated the contract.

The first cause of action is for the sum of $7,000, the amount of the damage to the date that the policy is alleged to have been repudiated. At issue are the second and third causes of action of the amended complaint, which were dismissed at Special Term.

I would give leave to replead the second cause of action by simply taking out the words, in paragraph 29, "and until Plaintiff reaches the age of 65."

It is a perfectly proper cause of action for the plaintiff to sue for a judgment ordering the insurance company to pay the monthly disability amounts of $1,000 per month "for so long as Plaintiff remains totally disabled". The additional language

about reaching the age of 65 is surplusage and cannot be mandated where it is always possible for a disability to terminate. Therefore, while, in its present form, the language goes too far and the second cause deserves to be dismissed, it is obvious that the basic part of the cause is satisfactory.

As this court has only recently stated in *Byrne v Fordham Univ.* (118 AD2d 525, citing CPLR 3025 [b] and *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755), "Leave to amend the pleadings 'shall be freely given' absent prejudice or surprise resulting from the delay involved".