■ JOEL S. TEIG, Appellant, v FIRST UNUM INSURANCE COMPANY, Respondent. [723 NYS2d 707] —In an action, inter alia, to recover disability insurance benefits, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated October 12, 1999, as (1) granted the defendant's motion for partial summary judgment dismissing (a) the first and second causes of action of the amended verified complaint to the extent they seek future damages and (b) the claim for punitive damages, (2) denied his cross motion for partial summary judgment on the first and second causes of action, (3) denied his separate motion for leave to serve a second amended verified complaint, and (4), upon the granting of his separate motion and the defendant's cross motion to reargue his prior motion to compel disclosure, adhered to the prior determination in an order dated January 5, 1999, to the extent of denying those branches of the prior motion which were to depose two nonparty witnesses and to compel production of certain of the defendant's computer records, and denied that branch of the prior motion which was to compel production of a certain manual of the defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contentions, he cannot recover a lump sum award for future benefits under his disability insurance policies (see, Romar v Alli, 120 AD2d 420; Gordon v Continental Cas. Co., 91 AD2d 987). Further, his claim for punitive damages based on the defendant's alleged breach of the covenant of good faith and fair dealing was properly dismissed. The defendant made a prima facie showing of entitlement to summary judgment. In opposition, the plaintiff's conclusory allegations that the defendant engaged in a malicious breach of the covenant of good faith and fair dealing did not raise a triable issue of fact sufficient to defeat summary judgment. Moreover, the claim for punitive damages is duplicative of the two causes of action to recover damages for breach of contract, as it does not allege the breach of any duty owed to the plaintiff

which would give rise to a cause of action based on an independent tort (*see, New York Univ. v Continental Ins. Co.,* 87 NY2d 308).

Since the plaintiff did not raise in the Supreme Court his contention that certain material submitted by the defendant in opposition to his cross motion for partial summary judgment was inadmissible, it is waived (*see, Sam v Town of Rotterdam,* 248 AD2d 850). In any event, even if the material at issue was not admissible as records kept in the ordinary course of the defendant's business (*see, Borchardt v New York Life Ins. Co.,* 102 AD2d 465, *affd* 63 NY2d 1000), the defendant submitted sufficient evidence, other than the disputed material, to raise a triable issue of fact to defeat the plaintiff's cross motion.

The court providently exercised its discretion in limiting discovery and in denying the plaintiff's motion for leave to serve a second amended verified complaint. O'Brien, J. P., S. Miller, Friedmann and Townes, JJ., concur.