■ BARRY EVANS et al., Appellants, v WINSTON & STRAWN et al., Respondents. [757 NYS2d 532] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 1, 2002, which, in an action by a group of attorneys against their former law firm (WBAM), certain of its partners and its succes-

sor firm (WS), upon the parties' respective motions for pre-answer summary judgment, inter alia, dismissed plaintiffs' first cause of action seeking return of their capital contributions to WBAM and third cause of action seeking 1999 compensation, unanimously modified, on the law, to deny defendants summary judgment dismissing the first and third causes of action, and to grant plaintiffs' cross motion for summary judgment on the first cause of action to the extent of $419,690.40, with prejudgment interest, at the prime rate as of the first business day of each quarter, on $139,896.80 from November 21, 2000, on $279,793.60 from November 21, 2001, and on $419,690.40 from November 21, 2002, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

By its plain language, WBAM's Amendment and Trust Agreement, dated August 11, 2000, the same date as WBAM's merger agreement with WS, amended the WBAM Partnership Agreement "effective as of the Effective Date." It is undisputed that the effective date was September 1, 2000, when WBAM was merged into WS. Thus, contrary to the IAS court's finding, the unamended Partnership Agreement was still in effect when plaintiffs withdrew from WBAM on August 21 or 22, 2000.

The unamended Partnership Agreement provides that the rights of withdrawing partners, such as plaintiffs, vest upon the date of withdrawal, and include repayment of net capital contributions in five equal annual installments beginning on the 90th day after withdrawal, with interest at the prime rate as of the first business day of each quarter. As defendants never challenged the amount of net capital ($699,484) alleged in the complaint, plaintiffs are presently entitled to the installments past due, as above indicated, but are not presently entitled to the two installments not yet past due (*see Romar v Alli*, 120 AD2d 420, 421 [1986]). While defendants contend on appeal that WS might not be liable for the repayment of plaintiffs' capital, they admitted before the IAS court that it had assumed WBAM's liabilities, and we note the provision in the merger agreement that WBAM's liabilities assumed by WS include any claims made by WBAM partners who did not join the merged firm.

The IAS court dismissed plaintiffs' third cause of action to the extent it sought unpaid compensation for the year 1999 because plaintiffs failed to contest defendants' statement that plaintiffs had received all they were entitled to for 1999. While plaintiffs should have submitted an affidavit controverting defendants' affidavit that 2000 draws were credited against

1999 earnings, the record contains two documents (the Partnership Agreement [para 6.3] and the minutes of the August 10, 2000 partners' meeting [paras 8-9]) that contradict defendants' statement. Whether 2000 draws should be credited against 1999 earnings is an issue of fact, and we accordingly modify to deny summary judgment to defendants on this point.

Plaintiffs' claim for constructive removal was properly dismissed upon undisputed evidence that both WS and WBAM wanted plaintiffs to join the merged firm, and did not drive plaintiffs away or otherwise make working conditions intolerable. Assuming, as plaintiffs contend, that conflicts of interest between their clients and those of WS would have cost them their clients had they joined WS, and that such a sacrifice was an intolerable condition of employment that effectively forced their withdrawal from WBAM (*cf. Cadwalader, Wickersham & Taft v Beasley*, 728 So 2d 253, 256 [Fla 1998]), it does not follow that plaintiffs have a cause of action for constructive removal. Such occurs only when the employee is forced into an involuntary resignation by work conditions that the employer deliberately makes intolerable (*see Fischer v KPMG Peat Marwick*, 195 AD2d 222, 225-226 [1994]). Plaintiffs do not claim that defendants deliberately created the conflicts of interest that forced plaintiffs' resignations.

Plaintiffs' claim for a constructive trust was properly dismissed since plaintiffs do not claim that WS is unable to repay plaintiffs' capital contributions, and it does not otherwise appear that the legal remedy of damages will be inadequate (*see Bertoni v Catucci*, 117 AD2d 892, 895 [1986]). Similarly, plaintiffs concede that their dissolution-related claims are unnecessary if WS is held liable as WBAM's successor.

Plaintiffs' claim for a declaration that they did not breach any fiduciary or contractual duties to defendants relates to defendants' counterclaim in a discontinued arbitration that plaintiffs brought, and defendants have not asserted any counterclaims in the instant action. Thus, the cause of action for declaratory judgment was properly dismissed for lack of a justiciable controversy (*see Prashker v United States Guar. Co.*, 1 NY2d 584, 592 [1956]).

Plaintiffs allege that before they joined WBAM, certain defendants misrepresented the amount of WBAM's capital, and had they known the truth, they would neither have joined WBAM nor contributed their own capital to it. To the extent that this fraud claim seeks rescission of the Partnership Agreement and return of plaintiffs' capital contributions, the claim is rendered redundant by plaintiffs' now established right to

repayment of their capital contributions under the Partnership Agreement. To the extent that this fraud claim seeks the rest of plaintiffs' 1999 compensation and their 2000 distributable net income under the Partnership Agreement, the claim must be dismissed since one cannot simultaneously rescind an agreement and seek to enforce it (see *Big Apple Car v City of New York*, 234 AD2d 136, 138 [1996]).

Plaintiffs' claim that the phantom capital defendants misappropriated interest and misallocated income is barred by the Partnership Agreement, which permits payment of interest on phantom capital.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Sullivan, Williams and Gonzalez, JJ.