■ MANDA INTERNATIONAL CORP., Doing Business as CENTRIFUGAL ASSOCIATES, NYC, Plaintiff, v STEPHEN J. YAGER et al., Defendants. STEPHEN J. YAGER, Third-Party Plaintiff-Respondent, v CATHERINE GUIDA, Third-Party Defendant-Appellant, et al., Third-Party Defendants. [32 NYS3d 145]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about October 15, 2015, which, to the extent appealed from, denied third-party defendant Catherine Guida's motion to dismiss a fraud claim asserted against her, unanimously reversed, on the law, without costs, the motion granted, and the third-party complaint as asserted against Guida dismissed in its entirety. The Clerk is directed to enter judgment accordingly.

The allegations that Guida plotted with third-party defendants Angelo Corrao and Frank Basile to defraud defendant/third-party plaintiff Stephen Yager, and that she altered the books and records, and diverted funds, of plaintiff-contractor Manda International Corp., are asserted upon information and belief. The only source of this alleged information is found in paragraph 77 of the third-party complaint, which provides that "another former Manda employee" told Yager that he overheard Corrao, Guida and Basile discussing ways to defraud him. However, the allegations do not include the name of the employee, or details of when or where the overheard conversation took place, or when the unnamed former employee conveyed this information to Yager. Thus, the allegations of fraud against Guida are lacking in sufficient detail and do not meet the heightened pleading standard under CPLR 3016 (b) (*DDJ Mgt., LLC v Rhone Group L.L.C.*, 78 AD3d 442, 443 [1st Dept 2010]; *accord Nicosia v Board of Mgrs. of the Weber House Condominium*, 77 AD3d 455, 456 [1st Dept 2010]). Moreover, the foregoing is in accordance with the court's dismissal of the

fraud claim against Corrao, which it found to be based on general allegations lacking in detail.

Yager has failed to allege a misrepresentation or a material omission of fact which was false and known to be false by Guida (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). First, Yager alleges, and Guida admits, that her statement that the projects procured by Yager were profitable was in fact true. Second, to the extent Yager cites Guida's failure to provide him with financial records, we note that the third-party complaint contains no allegations suggesting that Guida owed Yager a special duty to disclose the financial information sought. Concur—Mazzarelli, J.P., Andrias, Richter, Manzanet-Daniels and Kahn, JJ. ▮