19-3473-cv
*Bailey v. New York Law School*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand twenty-one.

Present:
>    DEBRA ANN LIVINGSTON,
>        *Chief Judge*,
>    JOHN M. WALKER, JR.,
>    RICHARD C. WESLEY,
>        *Circuit Judges*.

_____

THERESA BAILEY,

>        *Plaintiff-Appellant*,

>    v.                                                                    19-3473

NEW YORK LAW SCHOOL, ANTHONY CROWELL,
ELLA MAE ESTRADA, DAVID SCHOENBROD, AND
BARBARA JEANE GRAVES-POLLER,

>        *Defendants-Appellees*,

JEFFERY BECHERER, DEBORAH NICOLE ARCHER,
HOWARD MEYERS, ERIKA WOOD, ORAL HOPE, AND
VICTORIA EASTUS,

>        *Defendants*.

_____

1

For Plaintiff-Appellant:                    THERESA BAILEY, *pro se*, New York, NY.

For Defendants-Appellees:                   MICHAEL JOSEPH VOLPE, Venable LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*; Cott, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Theresa Bailey ("Bailey"), proceeding *pro se*, sued New York Law School ("NYLS") and four of its employees, Dean Anthony Crowell, then-Assistant Dean of Admissions and Financial Aid Ella Estrada ("Estrada"), Professor David Schoenbrod ("Schoenbrod"), and Professor Barbara Graves-Poller ("Graves-Poller," and collectively, the "Defendants-Appellees"), under, *inter alia*, Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et seq.*; Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 *et seq.*; 42 U.S.C. §§ 1983 and 1985(3); and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*, alleging that they discriminated and retaliated against her after she reported being sexually assaulted by a classmate. The district court dismissed Bailey's claims for discrimination under Title IX, Title VI, and 42 U.S.C. §§ 1983 and 1985(3), and for fraud, breach of contract, and intentional infliction of emotional distress ("IIED"). The court then granted Defendants-Appellees' motion for summary judgment with respect to Bailey's Title IX and NYSHRL retaliation claims and her claim under New York General Business Law ("GBL") § 349. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

## I.      Waiver

While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted), *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam).  We therefore "normally will not[] decide issues that a party fails to raise in his or her appellate brief."  *Id.*; *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995).  Nor will we decide issues that a *pro se* appellant raises in her brief only in passing.  *See Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013).

Bailey's briefs fail to address several of her claims that the district court decided. Although she states that she wishes to appeal three of the district court's orders (the March 1, 2017 and December 27, 2017 orders granting Defendants-Appellees' motions to dismiss and the September 24, 2019 order granting their motion for summary judgment), she does not mention her contract or GBL § 349 claims and makes only oblique references to her IIED, § 1983, and fraud claims.  Any challenges to the district court's dismissal of those claims are thus waived, and we may affirm the district court's judgment with respect to them on that basis.  *See Jian Wen Wang v. Bureau of Citizenship & Immigr. Serv.*, 437 F.3d 276, 278 (2d Cir. 2006).

Moreover, even if those claims were not waived, we would still affirm the district court's judgment on them.  Thus, for the sake of thoroughness, we address those claims alongside the claims Bailey did raise in her opening brief — the Title IX, Title VI, NYSHRL, § 1985(3) claims

— on the merits.

## II. Merits

### A. Summary Judgment

We review a district court's grant of summary judgment *de novo*. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). In determining whether there is a genuine dispute as to a material fact, we "resolve all ambiguities and draw all inferences against the moving party." *Garcia*, 706 F.3d at 127.

### 1. Title IX Retaliation

The district court properly granted summary judgment to Defendants-Appellees on Bailey's Title IX retaliation claim. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Schools receiving federal funding are also barred from retaliating against students who complain of sex discrimination. *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 91 (2d Cir. 2011). To establish a *prima facie* case of Title IX retaliation, the plaintiff must show: "(1) protected activity by the plaintiff; (2) knowledge by the defendant of the protected activity; (3) adverse school-related action; and (4) a causal connection between the protected activity and the adverse action." *Id.*

Bailey fails to establish that Defendants-Appellees took any adverse action against her for

complaining about her male classmate. Regarding Bailey's effort to transfer from NYLS, the record reflects that Estrada met with Bailey at least twice and offered significant aid to assist her with the transfer process, including reviewing her personal statement. Although Bailey received a poor grade (a D+) in Schoenbrod's class in the fall 2015 term, the evidence shows that the grade was warranted based on Bailey's anonymous exam answers, that it was not the lowest grade given in the course, and that Schoenbrod had *raised* her grade from a D to a D+ after learning her identity. Finally, with respect to Graves-Poller's actions, the school permitted Bailey to transfer out of Graves-Poller's class without any repercussions on Bailey's transcript, and thus without Bailey suffering any adverse consequences. Bailey also offered no evidence that Graves-Poller, who was new to the school, had any knowledge of Bailey's Title IX complaints. Thus, Bailey fails to establish a Title IX retaliation claim.

## 2. NYSHRL

The district court also properly granted summary judgment to Defendants-Appellees on Bailey's NYSHRL retaliation claim. The same standards used in a Title IX claim also apply to claims brought under the NYSHRL. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 n.1 (2d Cir. 2000). Therefore, for the reasons stated above, Bailey also fails to establish a retaliation claim under the NYSHRL.

## 3. GBL § 349

Under GBL § 349, "[d]eceptive acts or practices in the conduct of any business, trade or commerce in the furnishing of any service" are unlawful. N.Y. Gen. Bus. Law § 349(a). To establish a *prima facie* case under that provision, a plaintiff must demonstrate that "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and

5

(3) the plaintiff was injured as a result." *Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 258 (2d Cir. 2021). Bailey contends that NYLS's website, Student Handbook, annual Campus Safety Reports, admission statistics, promotional materials, and briefs that it filed as an *amicus curiae* in various discrimination lawsuits misled her in deciding where to enroll in law school. But Bailey fails to produce or identify any of the allegedly misleading materials, while NYLS offered evidence that its materials are published in accordance with federal law. Accordingly, the district court properly granted summary judgment to Defendants-Appellees on Bailey's claim under the GBL.

### 4. Seventh Amendment

Bailey also contends that she was denied the right to a jury in violation of the Seventh Amendment when the district court granted Defendants-Appellees' motion for summary judgment. But there is no absolute right to a jury trial. "Where no genuine issue of material fact exists, the court may, without violating Seventh Amendment rights, grant summary judgment . . . ." *Shore v. Parklane Hosiery Co.*, 565 F.2d 815, 819 (2d Cir. 1977). As discussed above, Bailey fails to establish any genuine issue of material fact with respect to the claims at issue on summary judgment. Therefore, the district court did not violate Bailey's Seventh Amendment rights by granting summary judgment to Defendants-Appellees.

### B. Motions to Dismiss

We review *de novo* the dismissal of a complaint for failure to state a claim. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

6

Although a court "must accept as true all of the allegations contained in a complaint," this tenet is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 1.   Title IX Discrimination

The district court properly dismissed Bailey's Title IX discrimination claim.   Title IX requires, among other things, that a school adequately respond to complaints of sex discrimination. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998).   "Title IX's requirement of an adequate response is violated not only if school officials render no response, . . . but also if the response that is rendered amounts to deliberate indifference to discrimination." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 751 (2d Cir. 2003) (internal quotation marks and alterations omitted). "Deliberate indifference may be found both when the defendant's response to known discrimination is clearly unreasonable in light of the known circumstances, and when remedial action only follows after a lengthy and unjustified delay." *Id.* (internal quotation marks and citations omitted).   When considering the adequacy of a response, "a court must accord sufficient deference to the decisions of school disciplinarians." *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 666 (2d Cir. 2012).

Bailey fails to allege that NYLS was deliberately indifferent to her sexual assault complaint.   She asserts that NYLS's investigation was untimely and inadequate and that her male classmate was not appropriately sanctioned.   But these allegations are undermined by the report of NYLS's investigative panel, which demonstrates that the school began an investigation into Bailey's complaint less than a week after she reported her assault and implemented numerous

sanctions against the male classmate after concluding the investigation, including banning him from campus for a period of time and placing him on probation. *Cf. Roth v. Jennings*, 489 F.3d 499, 511 (2d Cir. 2007) ("[T]he contents of [a] document [attached to the complaint] are controlling where a plaintiff has alleged that the document contains, or does not contain, certain statements."). NYLS therefore did not delay in responding to Bailey's complaint and appropriately addressed her classmate's actions. *See Zeno*, 702 F.3d at 666 ("[V]ictims do not have a right to specific remedial measures."); *Hayut*, 352 F.3d at 751–53 (concluding that the school's response to a complaint was adequate where the evidence showed that the defendants "responded to [plaintiff's] complaint reasonably, in a timely manner, and in accordance with all applicable procedures").

### 2. Title VI

The district court also did not err by dismissing Bailey's Title VI claim. Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim under Title VI, a plaintiff must allege that "the defendant discriminated against him on the basis of race, that that discrimination was intentional, and that the discrimination was a substantial or motivating factor for the defendant's actions." *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001) (internal quotation marks and citations omitted).

Bailey alleges that Defendants-Appellees discriminated against her by giving preferential treatment to male students. But Title VI does not prohibit discrimination based on sex. 42 U.S.C. § 2000d. And to the extent that Bailey claims that her race caused her to be impacted more

8

severely by NYLS's sex discrimination, that allegation also fails because Title VI does not provide redress for disparate impact claims. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 178 (2005).

### 3. Section 1985(3)

The district court did not err by dismissing Bailey's § 1985(3) claims. The four elements of a § 1985(3) claim are:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States.

*Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (per curiam). Bailey alleges that Defendants-Appellees conspired to deny her equal protection by refusing to assist her with her application to transfer to another law school, unduly delaying their Title IX investigation, and unfairly issuing her poor grades. But Bailey fails to plead any facts suggesting that Defendants-Appellees conspired *together* to perform these acts. Her conclusory assertion that "the misconduct against [her] is also a conspiracy" is insufficient to defeat a motion to dismiss. *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." (internal quotation marks and alteration omitted)).

### 4. Fraud

The district court properly dismissed Bailey's common-law fraud claim. To sustain a claim for fraud under New York law, a plaintiff must allege "(1) a material misrepresentation or omission of fact (2) made by a defendant with knowledge of its falsity (3) and intent to defraud;

9

(4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 249 (2d Cir. 2021). Bailey contends that Defendants-Appellees defrauded her when they stated that her male classmate was "good" and "[w]ell-liked," that he was not on campus during a certain period of time, and that the school had not received complaints against him in the past. But her allegations fail to support a fraud claim because each remark is either a nonactionable statement of opinion, *see Catskill Dev., LLC v. Park Place Ent. Corp.*, 547 F.3d 115, 133 (2d Cir. 2008); true, *see Manda Int'l Corp. v. Yager*, 32 N.Y.S.3d 145, 147 (1st Dep't 2016); or could not have been reasonably relied upon by Bailey to her detriment, *see Nabatkhorian v. Nabatkhorian*, 7 N.Y.S.3d 479, 481 (2d Dep't 2015). Accordingly, the district court correctly dismissed Bailey's fraud claim.

### 5. Breach of Contract

The district court also properly dismissed Bailey's breach of contract claim. "To state a claim for breach of contract under New York law, the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 12 (2d Cir. 2019) (internal quotation marks omitted). While a contract can be formed when a school accepts a student for enrollment, *Papelino*, 633 F.3d at 93, a plaintiff must identify specific and discrete promises that were allegedly broken to state a breach of contract claim, *see Keefe v. N.Y. Law Sch.*, 897 N.Y.S.2d 94, 95 (1st Dep't 2010) (noting that only specific promises can establish the existence of a contract between a school and a student). While Bailey alleges that Defendants-Appellees breached assurances made in NYLS's Code of Conduct, website, and other communications, none of those statements contain discrete promises that give rise to a contractual

10

obligation on the part of Defendants-Appellees. In addition, even if certain statements in NYLS's Student Handbook were definite enough to create a contractual obligation, Bailey's allegations that Defendants-Appellees breached these provisions in mishandling the investigation into the assault are contradicted by the investigative report attached to the complaint. Again, we need not accept allegations in a complaint that are refuted by documents that are attached to it. *See Roth*, 489 F.3d at 511.

### 6. Section 1983

The district court did not err in dismissing Bailey's claim under 42 U.S.C. § 1983. To plead a claim under that statute, a plaintiff must allege that she was injured by a state actor or a private party acting under "the color of state law." *Ciambriello v. Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). NYLS and its employees are all private parties. In determining whether a private party acts under the color of state law for § 1983 claims, "the fundamental question . . . is whether the private entity's challenged actions are fairly attributable to the state." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (internal quotations omitted). Bailey alleges that NYLS acted under the color of state law because it was "compelled" to comply with Title IX to receive federal funding. But the mere fact that an entity receives public funding is insufficient to attribute its actions to the state. *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 268 (2d Cir. 2014). And although Bailey claims that Defendants-Appellees obstructed her access to a police investigation into the assault, she fails to allege that Defendants-Appellees performed the public function of the police such that they exercised a power traditionally reserved to the state. *See Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 259 (2d Cir. 2008) (per curiam). Moreover, the documents attached to the complaint demonstrate that she chose to delay

reporting the incident to the police for a reason unrelated to any alleged obstruction by Defendants-Appellees. Thus, the district court did not err in dismissing Bailey's § 1983 claim.

### 7. Intentional Infliction of Emotional Distress

The district court also appropriately dismissed Bailey's IIED claim. "Under New York law, . . . a claim for IIED requires a showing of: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Rich v. Fox News Network*, 939 F.3d 112, 122 (2d Cir. 2019) (internal quotation marks omitted). "[T]he standard of outrageous conduct is strict, rigorous and difficult to satisfy . . . ." *Id.* (internal quotation marks omitted). Bailey has failed to make this showing. She alleges that Defendants-Appellees expressed hostility toward her, lied to her, and mishandled the sexual assault investigation. But to plead an IIED claim, the challenged conduct must "go beyond all possible bounds of decency and . . . be regarded as atrocious and utterly intolerable in a civilized community." *Hughes v. Patrolmen's Benevolent Ass'n of City of N.Y., Inc.*, 850 F.2d 876, 883 (2d Cir. 1988) (internal quotation marks omitted). Here, Defendants-Appellees promptly investigated Bailey's complaint, offered her educational accommodations, and punished the other student. Those actions do not suffice to plead a claim for IIED

## III. Bias

Finally, Bailey claims that the district court and magistrate judge were biased against her. Bailey first argues that the district court applied an impermissibly high standard of review to her complaints. But Bailey does not specifically point to any portion of the record that demonstrates that the district court applied the wrong standard. An adverse ruling, without more, is not

evidence of bias.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Next, Bailey argues that the magistrate judge made inappropriate remarks at a settlement conference in July 2018.   Bailey alleges that the magistrate judge stated that he would hold her in contempt, that he might "do or say something he regrets," that Bailey should "get a job," and that the district court judge would agree with him.   Bailey also asserts that the magistrate judge complained that Bailey rejected fair settlement offers and that the settlement conference was too long.   Even assuming that Bailey's account of the magistrate judge's comments is accurate, the statements do not provide a basis for vacatur of the district court's judgment or for the recusal of either judge.   "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."  *Liteky*, 510 U.S. at 555.   Such remarks only support a claim of bias if they stem from an extrajudicial source or have a "high degree of favoritism or antagonism as to make fair judgement impossible."  *Id.*   Here, the remarks at issue do not reach this high standard.   As the Supreme Court has emphasized, "expressions of impatience, dissatisfaction, annoyance, and even anger" are "within the bounds" of acceptable conduct.  *Id.* at 555–56.

We have considered all of Bailey's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

13