Velez v Mitchell (2022 NY Slip Op 06877)

Velez v Mitchell

2022 NY Slip Op 06877

Decided on December 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 01, 2022

Before: Manzanet-Daniels, J.P., Moulton, González, Rodriguez, Higgitt, JJ. 

Index No. 654372/20 Appeal No. 16775 Case No. 2022-00783 

[*1]Dagoberto Velez Also Known as "Street Star Norbes" or "Norbes", Plaintiff-Appellant,
v
Troy Mitchell Also Known as "Smack White" et al., Defendants-Respondents.

The Boies Law Firm, PLLC, New York (Jerry Boies of counsel), and Diversified Law Group, LLC, Laurel, MD (Jamar W. Creech of the bar of the State of Maryland, admitted pro hac vice, of counsel), for appellant.
Pryor Cashman LLP, New York (James G. Sammataro of counsel), for respondents.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered October 18, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss, with prejudice, the first, second, third, fifth, sixth, tenth, twelfth, thirteenth, fourteenth, fifteenth, and sixteenth causes of action in the amended complaint, unanimously affirmed, without costs.
Defendants established their entitlement to dismissal of the amended complaint. The new allegations of an oral partnership agreement are effectively the same as the ones originally pleaded, and thus do not remedy the pleading deficiencies that Supreme Court identified in its March 23, 2021 order on the motion to dismiss the original complaint — an order from which plaintiff did not appeal (see Draughn v Roker, 193 AD3d 565, 566 [1st Dept 2021]). Plaintiff's failure to adequately plead that he and the individual defendants, his alleged partners, shared the burden of the losses from defendant Ultimate Rap League LLC (URL) is fatal to the claim of a partnership agreement, as a mutual promise to share profits and losses is an "indispensable" element of that claim (Lebedev v Blavatnik, 193 AD3d 175, 185-186 [1st Dept 2021]; Slabakis v Schik, 164 AD3d 454, 455 [1st Dept 2018], lv denied 32 NY3d 912 [2018]; see also Moses v Savedoff, 96 AD3d 466, 470 [1st Dept 2012]).
We reject plaintiff's contentions that in the amended complaint, he has adequately pleaded a partnership claim by alleging that he and defendants "not only agreed to share profits and losses equally, but did so," and by alleging "specific events whereby the parties shared in profits and losses." The paragraphs of the amended complaint he cites, to the extent they mention losses, do not allege an agreementfor the sharing of losses. Rather, the amended complaint merely alleges, in a manner as conclusory as in the original complaint, that the parties shared profits and losses on an equal basis. These allegations fall short (see Slabakis, 164 AD3d at 455).
Because the amended complaint did not adequately allege an oral partnership agreement, the causes of action that rely on a partnership agreement were also properly dismissed — namely, the causes of action for wrongful dissolution (count one); breach of oral joint venture or partnership agreement (count five); breach of implied covenant of good faith and fair dealing (count six); equitable accounting (count ten); declaratory relief — determine existence of partnership (count thirteen); declaratory relief — dissolution by decree of court (count fourteen); and declaratory relief — plaintiff's rights to partnership's property (count fifteen). In addition, we affirm dismissal of the conversion claim (count twelve), which is identical to the cause of action as originally pleaded and was dismissed by the March 23, 2021 order.
Defendants also established their entitlement to dismissal of the causes of action for misrepresentation (counts two and three), [*2]as plaintiff still has not pleaded with adequate specificity the statements from which those claims arise (CPLR 3016[b]; see CIFG Assur. N. Am., Inc. v JP Morgan Sec. LLC, 146 AD3d 60, 63 [1st Dept 2016]; Manda Intl. Corp. v Yager, 139 AD3d 594, 594 [1st Dept 2016]). The claims arise from defendants' alleged misrepresentations that plaintiff was a URL partner, yet a review of the amended complaint shows that plaintiff still has not shown what the precise statements were, or when and by whom they were made, but continues to include largely conclusory allegations as to that issue. To the extent specific instances are cited, they concern usage of the word "partner" or "partners" by third parties or by plaintiff himself.
The claim for constructive trust (count sixteen) was also properly dismissed. Plaintiff does not show that money damages will be inadequate (see Evans v Winston & Strawn, 303 AD2d 331, 333 [1st Dept 2003]; Bertoni v Catucci, 117 AD2d 892, 895 [3d Dept 1986]), and, in fact, sought money damages on the claim.
We have considered the parties' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2022